IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**MARK MOSLEY, Individually and on Behalf of All Others Similarly Situated**                                    **PLAINTIFF**

vs.                                                          No. 1:20-cv-1040-SOH

**HYDROSTATIC OIL TOOLS, INC., DEVIN DEW, RANDY PHARR and BILLY PHARR**                                             **DEFENDANTS**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Mark Mosley, individually and on behalf of all others similarly situated, by and through his attorneys Tess Bradford and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Hydrostatic Oil Tools, Inc., Devin Dew, Randy Pharr and Billy Pharr (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff, individually and on behalf of all others similarly situated, seeks declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendants' policy and practice of failing to pay Plaintiff and other similarly situated individuals proper overtime

compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

3. Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants own and operate an oilfield equipment supply company within the El Dorado Division of the Western District. Therefore, venue is proper.

## III. THE PARTIES

7. Plaintiff is an individual and resident and domiciliary of Columbia County.

8. Defendant Hydrostatic Oil Tools, Inc. ("Hydrostatic"), is a domestic, for-profit corporation.

9. Hydrostatic can be served through its registered agent Billy W. Pharr, 1605 Commerce Street, Post Office Box 2, Magnolia, Arkansas 71754.

10. Defendant Devin Dew is an individual and resident of Arkansas.

11. Defendant Randy Pharr is an individual and resident of Arkansas.

12. Defendant Billy Pharr is an individual and resident of Arkansas.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

14. Defendants Randy Pharr, Billy Pharr and Devin Dew were or are officers and shareholders of Hydrostatic during the relevant time period and had operational control over Hydrostatic.

15. Defendants Randy Pharr, Billy Pharr and Devin Dew have operated as employers alongside Defendant Hydrostatic and each managed and controlled the day-to-day operations of Hydrostatic and had the power to supervise, hire and fire, establish wages and wage policies, and set schedules through unified management.

16. Defendants acted jointly as "employers" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employers.

17. Defendants are and have been engaged in interstate commerce as that term is defined under the FLSA, and have during each of the three (3) years preceding the filing of this Complaint had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

18. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

19. Defendant provides products and services in the oil and gas industry,

throughout the United States in those areas in which fracking is a viable business.

20. Plaintiff was employed by Defendant as a salaried employee from February of 2010 to July of 2020.

21. Specifically, Plaintiff worked for Defendant as a Shop Hand.

22. Defendant also employed other Shop Hands who were paid a salary.

23. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

24. Plaintiff's primary duties as a Shop Hands were to assemble and repair tools used at oilfield locations, drive tools out to oilfield locations, load trucks and haul water.

25. Other Shop Hands had similar duties to Plaintiff.

26. In performing their duties for Defendants, Plaintiff and other Shop Hands were not required to utilize any professional education relevant to their job duties.

27. Plaintiff and other Shop Hands did not manage the enterprise or a customarily recognized subdivision of the enterprise.

28. Plaintiff and other Shop Hands did not have the authority to hire or fire any other employee, nor were their recommendations as to hiring or firing given any particular weight.

29. Plaintiff and other Shop hands did not have any control of or authority over any employee's rate of pay or working hours.

30. Plaintiff and other Shop Hands did not maintain or prepare production reports or sales records for use in supervision or control of the business.

31. Similarly, Plaintiff and other Shop Hands did not have any responsibility for planning or controlling budgets.

32. In carrying out their duties, Plaintiff and other Shop Hands did not exercise discretion or judgment as to matters of significance.

33. Plaintiff and other Shop Hands were classic blue-collar workers, sometimes spending physical, demanding, long shifts outdoors in the elements, and not in an office.

34. Plaintiff and other Shop Hands benefited from participation in a plan by which they were eligible for and did in fact receive non-discretionary bonuses in addition to their salary.

35. Plaintiff, other Shop Hands, and Defendants had no agreement that their salary would be the entirety of their pay, nor did they agree that their salary was intended to cover all hours worked.

36. Plaintiff and other Shop Hands were paid a salary by Defendants regardless of how many hours they worked.

37. Plaintiffs and other Shop Hands did not receive overtime premiums for hours worked in excess of forty (40) in a workweek.

38. Plaintiff and other Shop Hands routinely were scheduled to work and did work more than forty (40) hours in a single workweek.

39. Plaintiff and other Shop Hands have not received overtime compensation for all hours worked during weeks in which they worked more than forty (40) hours.

40. Plaintiff and other Shop Hands regularly received nondiscretionary bonuses. For example, Plaintiff received $500.00 per month as a "shop bonus."

41. Plaintiff and other Shop Hands were and are entitled to one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

42. Defendants knew or showed reckless disregard for whether the way they paid Plaintiff and other Shop Hands violated the FLSA.

## V. FLSA § 216(b) COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44. Plaintiff brings his claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

45. Plaintiff brings his FLSA claim on behalf of all Shop Hands employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendants as exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

    A. Payment for all hours worked, including overtime premiums for all hours worked for Defendants in excess of forty (40) per week; and

    B. Liquidated damages; and

    C. Attorneys' fees and costs.

46. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

47. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

48. The members of the proposed FLSA Collective are similarly situated in

that they share these traits:

A. They were classified by Defendants as exempt from the overtime requirements of the FLSA;

B. They were paid a salary;

C. They received non-discretionary bonuses;

D. They were subject to Defendants' common policy of denying pay for all hours worked, including proper overtime pay for all hours worked over forty (40) per week; and

E. They had the same or substantially similar job duties, requirements and pay provisions.

49. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the collective exceeds ten (10) persons.

50. Defendants can readily identify the members of the Section 16(b) collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### VI. FIRST CLAIM FOR RELIEF
(Individual Claim for Violation of FLSA)

51. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

52. Plaintiff asserts this claim for damages and declaratory relief pursuant to

the FLSA.

53. At all relevant times, Defendants have been, and continue to be, Plaintiff's "employer" within the meaning of the FLSA.

54. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA.

55. 29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees 1.5x regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

56. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

57. Section 778.208 of Title 29 of the CFR requires that non-discretionary bonuses, such as attendance-based incentives, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

58. Defendants violated Section 778.208 of Title 29 of the CFR by not including non-discretionary bonuses into Plaintiff's regular rate for overtime pay.

59. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

60. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

61. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

62. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

63. Plaintiff asserts this claim on behalf of all Shop Hands employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours he and they worked in excess of forty (40) each week.

64. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

65. At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and those similarly situated within the meaning of the FLSA.

66. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA.

67. 29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees 1.5x regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

68. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiff and those similarly situated

an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

69. Section 778.208 of Title 29 of the CFR requires that non-discretionary bonuses, such as attendance-based incentives, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

70. Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

71. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

**All Shop Hands within the last three years.**

72. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

73. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

74. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and those similarly situated as provided by the FLSA, Plaintiff and those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of AMWA)

75. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint

as though fully incorporated in this section.

76. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

77. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

78. Ark. Code Ann. § 11-4-211 requires employers to pay all employees 1.5x their regular wages for all hours worked over forty (40) per week.

79. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff a lawful overtime premium.

80. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

81. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

82. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Mark Mosley, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

A. That each Defendant be summoned to appear and answer herein;

B. That each Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

E. A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

F. Judgment for damages for all unpaid overtime compensation owed to Plaintiff and the proposed collective members under the FLSA and attendant regulations;

G. Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

H. Judgment for liquidated damages pursuant to the FLSA and attendant regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

I. Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

J. For a reasonable attorneys' fee, costs, and pre-judgment interest; and

K. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**MARK MOSLEY, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

/s/ Tess Bradford
Tess Bradford
Ark Bar No. 2017156
tess@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com