IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**MARK MOSLEY, Individually and on**                                **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                  No. 1:20-cv-1040-SOH

**HYDROSTATIC OIL TOOLS, INC., DEVIN**                        **DEFENDANTS**
**DEW, RANDY PHARR and BILLY PHARR**

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, FOR APPROVAL AND DISTRIBUTION OF NOTICE AND FOR DISCLOSURE OF CONTACT INFORMATION

### I.    INTRODUCTION

Plaintiff has alleged that Hydrostatic Oil Tools, Inc., Devin Dew, Randy Pharr and Billy Pharr have a uniform policy and practice of improperly paying its salaried Shop Hands, Floor Hands and Operators in violation of the Fair Labor Standards Act ("FLSA"), including not paying them an overtime premium for all hours worked in excess of forty (40) hours in each week.

Defendants operate an oil testing company that employs Shop Hands, Floor Hands and Operators to work at their shop and at their customers' well sites and perform various duties such as blowout preventer testing, cased holes fishing services and other oilfield testing services. Plaintiff and other Shop Hands, Floor Hands and Operators are paid a salary with no overtime premium, resulting in Defendants intentionally underpaying workers.

Accordingly, Plaintiff requests that this Court conditionally certify a collective action pursuant to Section 216(b) of the FLSA. One opt-in plaintiff has already joined.

Page 1 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification

ECF No. 15. In addition, Plaintiff requests approval of his practical, common-sense plan for facilitating notice to potential class members. Because the clock is running against all potential opt-ins, Plaintiff requests expedited review of his Motion as described below.

## II. ARGUMENT

### A. This Court Should Conditionally Certify the Proposed Collective Action for Notice Purposes.

This Court should conditionally certify the proposed collective action for notice purposes. Section 1 below explains legally what conditional certification in an FLSA case means, what Plaintiff must prove in order to have this case conditionally certified as a collective action, and why early certification and notice to the putative class is important. Section 2 describes how and why Plaintiff has met the lenient standard for conditional certification of a collective action at this stage of the case.

1. <u>Plaintiff may obtain conditional certification of a collective upon a modest factual showing that he is "similarly situated" to the other proposed collective members.</u>

In addition to suing on his own behalf, Plaintiff may obtain early conditional certification of a collective action if he makes a modest factual showing that he is "similarly situated" to other collective members. Section 216(b) of the FLSA states as follows: "An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *See* 29 U.S.C. § 216(b).

Such actions are referred to as "collective actions," and a majority of courts have adopted a two-tiered approach to certification of collective actions.[1] *See McQuay v. Am.*

---

[1] A "collective action" differs from a Rule 23 class action in several respects. In a Rule 23 <u>class</u> action, "a putative class acquires an independent legal status once it is certified . . . . Under the FLSA, by contrast, 'conditional certification' does not produce a class with an independent legal status or

Page 2 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification

*Int'l Group*, No. 4:01-cv-661-BRW, 2002 U.S. Dist. LEXIS 21307, at *5 (E.D. Ark. Oct. 28, 2002) (citing *Mooney v. Aramco Services Co.*, 54 F.3d 1207 (5th Cir. 1995)); *Turner v. Concentrix Servs.*, No. 1:18-cv-1072-SOH, 2020 U.S. Dist. LEXIS 16785, at *8 (W.D. Ark. Feb. 3, 2020) (noting that the two-tiered approach is the "prevailing approach").

This two-tiered approach envisions an initial "conditional certification" for notice purposes early on in a case (known as the "notice stage") and then a second stage to evaluate the propriety of certification when a defendant moves for decertification following the close of discovery. This two-step certification inquiry is described in *Mooney v. Aramco Services Co.* as follows:

> The first determination is made at the so-called "notice-stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the Defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—*i.e.*, the original Plaintiffs—proceed to trial on their individual claims.

---

join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171–72 (1989) and 29 U.S.C.S. § 216(b)). In other words, one must "opt in" to an FLSA collective action, whereas in a Rule 23 class action class members are part of the lawsuit unless they "opt out."

Page 3 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification

54 F.3d at 1213–14. Courts in the Eastern and Western Districts of Arkansas have followed the framework of the two-tiered approach outlined in *Mooney. See, e.g., Carter v. Pathfinder, Inc.*, No. 4:17-cv-459-JM, 2018 U.S. Dist. LEXIS 222554, at *2 (E.D. Ark. Sep. 11, 2018); *Watson v. Surf-Frac Wellhead Equipment Co., Inc.*, No. 4:11-cv-843-KGB, 2012 U.S. Dist. LEXIS 150968, at *2–3 (E.D. Ark. Oct. 18, 2012); *In re Pilgrim's Pride Fair Labor Stds. Act Litig.*, 2008 U.S. Dist. LEXIS 93966, at *6–9 (W.D. Ark. Mar. 13, 2008); *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941 (W.D. Ark. 2003).

At the notice stage, a court does not make findings on legal issues or focus on whether there has been an actual violation of the law. *Pilgrim's Pride*, 2008 U.S. Dist. LEXIS 93966, at *9. The Court also refrains from making credibility determinations or resolving contradictory evidence. *Id. See also Brown v. Trinity Multifamily*, 4:19-cv-617-LPR (E.D. Ark. Dec. 13, 2019), ECF No. 19 ("[T]he Court is precluded from making determinations about the merits of the parties' claims and defenses at this stage.") The plaintiff's burden is "lenient" and may be met by making substantial allegations of class-wide discrimination that are supported by affidavits. *Freeman*, 256 F. Supp. 2d at 941.

Not only is fact finding as to the merits inappropriate at the notice stage, but so is fact finding as to the issue of whether the plaintiff and other collective members are similarly situated. *See Pilgrim's Pride*, 2008 U.S. Dist. LEXIS 93966, at *9 (stating that courts do not *resolve contradictory evidence*); *see also, generally, Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218 (S.D. Ala. 2008). In *Longcrier v. HL-A Co., Inc.*, six plaintiffs in the Southern District of Alabama moved to certify a collective action consisting of all hourly employees who were employed by the defendant in various capacities at its automobile parts manufacturing facility at any time during the three

Page 4 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification

years preceding the filing of the complaint. 595 F. Supp. 2d at 1220-21. Even with so broad a proposed collective, the court granted plaintiffs' motion for certification and court-approved notice. *Id.* at 1242.

The defendant in *Longcrier* argued that the plaintiffs were not "similarly situated" because the hourly positions held by putative collective members covered a wide range of job titles, duties, pay ranges, and supervisors. *Id.* at 1238. Over the defendant's objections, the court held that plaintiffs' declarations and complaint allegations amounted to a substantial showing that all defendant's nonexempt employees were treated similarly and were subject to the same pay practices and policies with regard to "off-the-clock" work, rounding hours, and unpaid work during meal breaks. *Id.*

The *Longcrier* court further explained how factual disputes over the "similarly situated" requirement should be resolved at the second stage:

> At most, Defendant's evidence may create disputes of fact as to whether all hourly employees are or are not subject to the same policies. Those factual disputes may properly be addressed after discovery at the second stage of the FLSA collective action process . . . , but they do not constitute a valid basis for denying conditional class certification today.

*Id.* (citing *Carmody v. Florida Ctr. For Recovery, Inc.*, No. 05-14295, 2006 U.S. Dist. LEXIS 81640, at *4 (S.D. Fla. Nov. 7, 2006) (explaining that it would be improper to engage in fact-finding to determine conclusively as to whether the putative plaintiffs are similarly situated, where pleadings and supporting affidavits alleged facts sufficient to satisfy conditional certification inquiry)).

Because of this lenient standard, and because courts do not resolve disputes of fact at this stage, courts regularly grant conditional certification based solely upon a plaintiff's complaint and supporting affidavits. *See Littlefield v. Dealer Warranty*

Page 5 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification

*Services, LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010) ("In a typical case, the court decides whether to conditionally certify a class based solely on the plaintiffs' affidavits."); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164 (D. Minn. 2007) ("At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members."); *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 940 (W.D. Ark. 2007); *Craven v. Neeley's Serv. Ctr.*, No. 4:19-cv-4115-SOH, 2020 U.S. Dist. LEXIS 74112, at *7-8 (W.D. Ark. Apr. 28, 2020) (certifying a collective based on a single declaration).

In *Brown*, the plaintiffs produced five (5) declarations in support of conditional certification, and all five plaintiffs stated they personally witnessed wrongdoing by the defendant. *Brown v. Trinity Multifamily*, 4:19-cv-617-LPR (E.D. Ark. Dec. 13, 2019), ECF No. 19, Order at 5. The defendants in *Brown* argued that the plaintiffs' declarations were "cookie-cutter declarations"; however, the Court emphasized that the plaintiffs signed and swore to their statements and what "Plaintiffs personally witnessed . . . must be given weight" in determining whether Plaintiffs made a modest factual showing. *Id*.

Further, a plaintiff need not show that his position is identical to the putative collective members' positions, only that his position is similar to those of the absent collective members. *Freeman*, 256 F. Supp. 2d at 945 (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)). The "similarly situated" determination requires only a modest factual showing. *Perez-Benites v. Candy Brand, LLC*, No. 07-cv-1048, 2008 U.S. Dist. LEXIS 91402, at *3 (W.D. Ark. Oct. 31, 2008). A plaintiff may satisfy the similarly situated requirement by showing that the plaintiff and putative members were

Page 6 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification

victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion. *Smith v. Frac Tech Services, Ltd.*, 4:09-cv-679-JLH, 2009 U.S. Dist. LEXIS 109930, at *13 (E.D. Ark. Nov. 24, 2009) (*citing Resendiz-Ramirez*, 515 F. Supp. 2d at 937); *Kautsch v. Premier Communications*, 504 F. Supp. 2d 685 (W.D. Mo. 2007)); *see also Thiessen*, 267 F.3d at 1102 (first-round "similarly situated" determination "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.").

Notably, several district courts in Arkansas have granted conditional certification of a collective of employees against defendants when only one plaintiff appeared at the beginning of the case. The Honorable Leon Holmes granted conditional certification in a single-plaintiff case, holding that "[t]he undersigned does not require plaintiffs in a Fair Labor Standards Act case to establish that other potential class members desire to opt in." *Adams et al. v. United Cerebral Palsy of Central Arkansas, Inc., et al.*, No. 4:16-cv-930-JLH, 2017 U.S. Dist. LEXIS 177470 at *3-4 (E.D. Ark. Dec. 28, 2016). Similarly, in *Harrison v. Hog Taxi, LLC*, the Honorable Timothy L. Brooks rejected an argument that a plaintiff should be required to demonstrate that others wanted to opt into a putative collective action, finding that "such a requirement at this first stage of certification is not appropriate." No. 5:19-CV-05025, 2019 U.S. Dist. LEXIS 153980, at *10 (W.D. Ark. Sep. 10, 2019). It simply is not required that there be more than one plaintiff to conditionally certify collective action under Section 216 of the FLSA. Indeed, the purposes of the certification process are best served when one or a few vocal employees assert rights on behalf of the larger group against the defendant.

Page 7 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification

In general, the benefits of the two-tiered approach from *Mooney* are best realized when certification and notice are granted as soon as possible at the beginning of the case, prior to discovery. The second decertification stage mitigates the breadth and leniency of the first stage by allowing for decertification if it turns out, after discovery is completed, that the collective is not sufficiently similar to allow for an efficient adjudication of material, common issues and facts.

2. <u>This Court should conditionally certify the collective proposed by Plaintiff.</u>

This case is at the notice stage and is subject to the lenient standard of proof. The pleadings and attached exhibits contain an abundance of information supporting Plaintiff's claim that there are many other individuals similarly situated. Plaintiff represents a group of employees who worked for Defendants as salaried Shop Hands, Floor Hands and Operators on or after August 13, 2017. Each collective member's relationship with Defendants was subject to Defendants' universal practices, which violated the FLSA, among other laws. One other person has already joined.

Defendants operate an oilfield testing services company headquartered in Magnolia, Arkansas, offering oilfield services including blowout preventer testing, cased hole fishing services, tubing testing, and vacuum truck services. Declaration of Mark Mosley (hereinafter "Decl. Mosley") ¶ 5. ECF No. 20-7; Declaration of Christopher Manning ("Decl. Manning") ¶ 5. ECF No. 20-8. Plaintiff Mark Mosley, opt-in plaintiff Christopher Manning and the members of the proposed collective were employed by Defendants as salaried Shop Hands, Floor Hands and Operators. Decl. Mosley at ¶¶ 4, 7, 9; Decl. Manning at ¶¶ 3–4, 6. Plaintiff Mosley and other Shop Hands are paid a salary, with no overtime wages for hours worked in excess of forty per week. Decl.

Page 8 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification

Mosley at ¶¶ 4, 7-8. Opt-in Plaintiff Christopher Manning and other Operators and Floor Hands were similarly paid a salary, with no overtime wages for hours worked in excess of forty per week. Decl. Mosley at ¶¶ 4, 7-10; Decl. Manning at ¶¶ 3–4, 8.

Defendants' pay practices are the same for all Shop Hands, Floor Hands and Operators throughout the business. There is one corporate office and payroll department that handles payroll for all employees. Decl. Mosley ¶ 13; Decl. Manning at ¶ 11. This is the common policy imposed by Defendants that resulted in the violations of the FLSA alleged by Plaintiffs for the entirety of the class. The policy discussed above affected multiple individuals, as Plaintiffs estimate that there are at least 20 Operators and Hands employed by Defendants. Decl. Mosley at ¶ 11; Decl. Manning at ¶ 9.

In sum, Plaintiff and the class members were denied overtime wages of one and one-half (1.5) times their correctly calculated regular hourly rate for hours they worked in excess of forty (40) hours in a single workweek. This common practice was imposed on all Defendants' Shop Hands, Floor Hands and Operators.

The allegations made by Plaintiff and Manning establish that Plaintiff, Manning and the members of the collective are similarly situated for purposes of conditionally certifying this case and providing the collective members with notice and an opportunity to join this action. Defendants' policies and procedures described above are uniformly applicable to Plaintiff and the members of the collective, making this case ideally suited for conditional certification. Therefore, this Court should certify a collective of all salaried Shop Hands, Floor Hands and Operators.

Page 9 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification

**B.     This Court Should Approve Plaintiff's Proposed Collective Action Notice and Consent Forms, Grant Leave for Plaintiff to Send Notice through U.S. Mail and Email, and Order Defendants to Provide Contact Information for the Collective.**

After the Court grants conditional certification for notice purposes, the Court will need to make decisions about how to facilitate notice. For the reasons given below, Plaintiff requests that the Court (1) approve the form and content of Plaintiff's proposed mail Notice, Ex. 1, and mail Consent form, Ex. 2, for distribution to members of the collective via U.S. Mail; (2) approve the form and content of the email messages to be sent to members of the collective, Ex. 3, and the Consent form to accompany the electronic notices, Ex. 4; (3) approve the form and content of the reminder postcard, Ex. 5; (4) order Defendants to provide the relevant contact information of potential members of the collective; and (5) grant a period of ninety days in which to distribute the Notice and Consents and allow for opt-in plaintiffs to file Consents to Join.

1. <u>The form and scope of Plaintiff's proposed notice is appropriate.</u>

In furtherance of the FLSA's "broad remedial" purpose, courts have the authority to notify potential opt-in plaintiffs that they may join an existing action early in the proceedings. *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 173 (1989); *See also Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1047 (Mar. 22, 2016); *Hussein v. Capital Bldg. Servs. Grp., Inc.,* 152 F. Supp. 3d 1182, 1190 (D. Minn. 2015). A district court "has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 574 (D. Md. 2012). Notice informs potential plaintiffs "of the facts needed to make an informed decision whether to opt-in." *Fisher v. Michigan Bell Telephone Company*, 665 F. Supp. 2d 819, 829 (E.D. Mich. 2009). While there are no well-defined rules for the form of notice, the general

Page 10 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification

requirement is that the notice must be fair and accurate. *See e.g., id.; Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill 2007).

Further, courts should exercise their broad discretion to facilitate notice in a way that reaches the largest possible number of potential opt-in plaintiffs. *See Perrin v. Papa John's Int'l, Inc.*, No. 4:09-cv-1335-AGF, 2011 U.S. Dist. LEXIS 117046, at *5 (E.D. Mo. Oct. 11, 2011) ("The better course is to determine what constitutes fair and proper notice based on the facts of each case . . . At this stage of the litigation, justice is most readily served by notice reaching the largest number of potential plaintiffs." (internal citations and quotation marks omitted)).

Plaintiff's proposed FLSA collective action notice, Ex. 1, provides potential opt-in plaintiffs with an accurate description of this lawsuit, their legal rights, and the process for participating in the case. The notice is substantially similar to collective action notices that have been distributed in numerous other collective actions. *See*, *e.g.*, *Craven*, 2020 U.S. Dist. LEXIS 74112, at *12; *Casarez v. Producers Serv. Corp.*, No. 2:17-cv-1086, 2018 U.S. Dist. LEXIS 88370, at *21 (S.D. Ohio May 25, 2018); *Adams*, 2017 U.S. Dist. LEXIS 177470, at *3. It should be approved. *See Hoffmann-La Roche*, 493 U.S. at 172, 174 (explaining that employees should receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate," and that notice should "respect judicial neutrality . . . tak[ing] care to avoid even the appearance of judicial endorsement of the merits of the action.").

Plaintiff asks this Court for approval to send notice to all individuals who worked as salaried Shop Hands, Floor Hands and Operators at any time after August 13, 2017,

Page 11 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification

which includes the three years preceding the filing of Plaintiff's Complaint. This captures every qualified worker who could potentially fall within the maximum three-year statute of limitations under the FLSA. Furthermore, this keeps the door open for this Court to grant equitable tolling to some or all potential plaintiffs if the facts support it.[2] To facilitate this request, Plaintiff requests approval of Plaintiff's proposed notice-related documents, method of distribution, and 90-day opt-in period, as set forth below.

>   2. <u>Distribution of collective action notices by paper and electronic means is becoming standard.</u>

Because in recent years electronic communications have become more reliable than traditional mail as a means of reaching collective action members, Plaintiff asks the Court to authorize distribution of notice using a combination of traditional and electronic methods. Specifically, Plaintiff proposes to send notice to potential plaintiffs simultaneously via U.S. Mail and email and to send a follow-up email after thirty days. Electronic distribution of collective action notices is "in line with the current nationwide trend." *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 U.S. Dist. LEXIS 23630, at *12 (S.D. Ohio Feb. 26, 2015). Further, "it advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit, and of their opportunity to participate." *Id.*

---

[2] The doctrine of equitable tolling can, under the right circumstances, toll the statute of limitations in FLSA cases. *See, e.g.*, *De Lopez v. Ozark Mt. Poultry, Inc.*, No. 5:13-CV-05272, 2014 U.S. Dist. LEXIS 201949, at *12-13 (W.D. Ark. June 17, 2014) (granting equitable tolling where there was a long period of time between filing of motion for collective action and the order granting the motion); *Whitworth v. French Quarters Partners, LLC*, No. 6:13-CV-6003, 2013 U.S. Dist. LEXIS 202768, at *10 (W.D. Ark. July 31, 2013); *see also, Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169 (6th Cir. 2008); *Adams v. Tyson Foods, Inc.*, No. 07-CV-4019, 2007 U.S. Dist. LEXIS 38511 (W.D. Ark. May 25, 2007). Indeed, courts have held that the equitable tolling doctrine "is read into every federal statute of limitation." *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Penn. 1984) (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)).

Page 12 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification

Email is a common, appropriate and efficient manner of communicating with plaintiffs and putative collective members that is often used in conjunction with traditional mailing. *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012) ("With regard to [plaintiff's request to use] email to notify potential plaintiffs of this litigation, communication through email is now the norm.") (internal editing and quotation marks omitted). In some cases, Courts have endorsed notice via three or more methods at once. In *Irvine v. Destination Wild Dunes Management*, the Court reasoned as follows:

> The request that notice be distributed via direct mail, email and text messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication. Political candidates now routinely seek out their supporters' cell phone numbers and email addresses because traditional methods of communication via regular mail and land line telephone numbers quickly become obsolete.

132 F. Supp. 3d 707, 711 (D.S.C. 2015).

Distribution of Notice via email avoids many of the delivery problems that result from distributing Notice via U.S. Mail. See Ex. 6, Decl. of Josh Sanford ("Sanford Decl.") ¶¶ 5–15. In counsel's experience, Notices (and even Consents) in other cases have been lost even when the addresses were correct. *Id.* at ¶¶ 6–8, 11. Plaintiff's counsel has received telephone calls from recipients of follow-up postcards who did not receive the original notice. *Id.* at ¶ 7–9, 11. Moreover, the United States Postal Service is experiencing substantial delays at the time of this filing.[3] Any delays that can be avoided when it comes to the right of an individual to join a lawsuit should be avoided.

---

[3] Plaintiff has no desire to cite to numerous articles regarding the current United States Postal Service Crisis, but thankfully, Wikipedia has several citations included in its article. https://en.wikipedia.org/wiki/2020_United_States_Postal_Service_crisis.

Page 13 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification

Using email as a means of distributing notice helps alleviate these problems. Unlike traditional mail, email messages do not get "lost in the mail." Email is nearly instantaneous and often provides the sender with immediate feedback if the message is undeliverable. Email addresses are also "portable" in the sense that, although a person's physical address changes when he or she relocates residences, the person can and often does maintain his or her same email address. All of these facts increase the likelihood that notice will actually be received by the collective member. In sum, notice by email furthers the central purpose of sending out the notice by traditional U.S. Mail: giving the collective members actual notice of these proceedings so that they can make an informed decision about whether to participate.

3. Plaintiff's proposed method for distributing notice via email is tested and reliable.

This Court should approve of Plaintiff's proposed procedure for disseminating notice by email, which is simple and easy for the Court to monitor. Email distribution should be to both personal and company-sponsored email addresses; district courts in Arkansas have approved of distribution by both methods. In *De Lopez v. Ozark Mountain Poultry, Inc.*, for example, the court held that "utilizing Defendants' email system to notify employees of alleged violations of federal wage-and-hour committed by their employer is, by definition, a purpose related to the business itself," and therefore an appropriate use of an FLSA defendant's email system. 2014 U.S. Dist. LEXIS 201949, at *12 n. 4 (W.D. Ark. June 17, 2014). On the other hand, in a case where the defendant did not have a business email system, the Western District of Arkansas ordered the disclosure of any personal email addresses of potential collective members of which the defendant was aware. Order at 5, *Bonton v. Centerfold Entertainment Club,*

Page 14 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification

*Inc.*, No. 6:14-cv-6074-RTD (W.D. Ark. Oct. 9, 2014), ECF No. 12.

Plaintiff's proposed email text, Ex. 3, simply directs the recipient to the attached court-approved Notice and provides a link to www.docusign.com or an equivalent online signature service,[4] where the recipient can access an electronic version of the Consent to Join (Ex. 4). The text also gives instructions for signing the Consent electronically to avoid some minor but common mistakes. Putative collective members who wish to join the lawsuit can then choose to print, sign, and return a paper copy of the Consent to Join form or electronically sign the Consent to Join form using the electronic signature service. This is similar to the process approved by Arkansas district courts in *Turner v. Concentrix Servs.*, No. 1:18-cv-1072, 2020 U.S. Dist. LEXIS 16785, at *23 (W.D. Ark. Feb. 3, 2020); and *Berry v. Razor's Edge Pizza, Inc.*, No. 4:19-cv-6-JM, 2019 U.S. Dist. LEXIS 221296, at *6-7 (E.D. Ark. Sep. 13, 2019).

   4. <u>Ninety days is a common and reasonable opt-in period.</u>

Plaintiff requests a period of ninety (90) days during which to distribute notice and file opt-in plaintiffs' consent forms with the Court. "Notice periods may vary, but numerous courts around the country have authorized ninety-day opt-in periods for collective actions." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012); *see also Turner*, 2020 U.S. Dist. LEXIS 16785, at *27 (granting a ninety-day opt-in period); *Teramura v. Walgreen Co.*, No. 5:12-cv-05244-JLH, 2013 U.S. Dist. LEXIS 196027, *11 (W.D. Ark. Mar. 7, 2013) (same); *Watson v. Surf-Frac Wellhead Equipment Co., Inc.*, No. 4:11-cv-843-KGB, 2012 U.S. Dist. LEXIS 150968, at *10 (E.D. Ark. Oct. 18,

---

[4] More information about DocuSign is available at https://www.docusign.com. Many courts have already approved of the use of electronic signatures generally. *See Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 518 (W.D. Tex. 2015); *White v. Integrated Elec. Techs., Inc.*, No. 11-2186, 2013 U.S. Dist. LEXIS 83298, at *39 (E.D. La. June 13, 2013); *Jones v. JGC Dall. LLC*, No. 3:11-CV-2743-O, 2012 U.S. Dist. LEXIS 185042, at *18 (N.D. Tex. Nov. 29, 2012).

Page 15 of 19
**Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.**
**U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH**
**Brief in Support of Plaintiff's Motion for Conditional Certification**

2012) (same). Many of the potential collective members may have current addresses and phone numbers that differ from Defendants' records, and a ninety-day opt-in period will allow a reasonable time for Plaintiffs' counsel to deal with returned mail and get notices to their intended recipients. Plaintiff also believes that 90 days is reasonable considering the current issues with the United States Postal Service.

     5. <u>This Court should approve of the sending of a Follow-Up Email or Postcard thirty (30) days after Notice is sent.</u>

Plaintiff requests permission to send a follow-up notice thirty (30) days after the first Notice is mailed. The follow-up notice will be in the form of a reminder email (Exhibit 3) or, if Defendants do not have working email addresses for the collective members or the Court simply prefers an all-paper notice process, a reminder postcard (Exhibit 5). Because of the aforementioned issues with notice delivery by U.S. Mail, Plaintiff's request is fair, reasonable and calculated to meet the goal of distributing notice, which is to actually notify putative class members of the litigation and permit a reasonable opportunity to join. Allowing Plaintiff's counsel to send the follow-up email or postcard provides a fair and equitable solution to ensure that all members of the proposed collective who want to join the lawsuit are able to, including ensuring that collective members whose consents to join were mailed (or electronically submitted) but not received are made aware of this fact. *See* Decl. Sanford at ¶ 15. District courts in the Eighth Circuit regularly approve of reminder notices. *See, e.g., Turner*, 2020 U.S. Dist. LEXIS 16785, at *25; *Berry*, 2019 U.S. Dist. LEXIS 221296, at *7; *Coates v. Dassault Falcon Jet Corp.*, No. 4:17-cv-372-JLH, 2017 U.S. Dist. LEXIS 192345, at *12 (E.D. Ark. Nov. 21, 2017); *De Lopez*, 2014 U.S. Dist. LEXIS 201949, *12; *Harger v. Fairway Mgmt.*, 2016 U.S. Dist. LEXIS 74373, *12 (W.D. Mo. June 8, 2016).

**Page 16 of 19**
**Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.**
**U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH**
**Brief in Support of Plaintiff's Motion for Conditional Certification**

      6. <u>This Court should order Defendants to provide the names, last known mailing addresses, and last known work and personal email addresses and cell phone numbers in an electronically manipulatable format.</u>

To facilitate the sending of the *Notice* and *Consent to Join*, this Court should order Defendants to provide names and contact information for collective members. *Hoffmann-La Roche*, 493 U.S. 165, 170 (1989). Plaintiff asks this Court to provide for the following information no later than seven (7) days after entry of an Order certifying this case as a collective action for each individual who meets the collective definition: (1) name, including any aliases he or she may have gone by or goes by now; (2) the last known mailing address; (3) the last known telephone number (to enable Plaintiffs' counsel to contact individuals who opt-in by submitting an electronic consent, which does not require the signer to provide any contact information); and (4) any and all email addresses of which Defendants are aware, whether personal or employer-sponsored. This information is in Defendants' possession, not Plaintiff's, and it is standard practice for courts to order the disclosure of such information in collective actions. *See, e.g.*, *Turner*, 2020 U.S. Dist. LEXIS 16785, at *27; *Bradley v. Crittenden Cty.*, No. 3:18-cv-29-DPM, 2018 U.S. Dist. LEXIS 188771, at *3 (E.D. Ark. Oct. 5, 2018). Plaintiff requests that this Court direct Defendants to provide this information in a manipulatable electronic format such as Microsoft Word or Excel. Any other manner of providing the contact information will only result in unnecessary delay and expense.

### III.    EXPEDITED REVIEW REQUESTED

Plaintiff requests expedited consideration of their certification motion. Plaintiffs in collective actions are entitled to such treatment. *Adams*, 2017 U.S. Dist. LEXIS 177470, at *3 ("Because this case needs to be expedited, the Court will not write a lengthy

Page 17 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification

opinion discussing the law of conditional certification."). The Honorable Brian Miller expedited a decision to certify a collective just three days after the end of certification briefing. *Olsen v. Clay Cty.*, No. 3:18-cv-129 BSM, 2018 U.S. Dist. LEXIS 194866 (E.D. Ark. Nov. 15, 2018). "Sending notice to potential collective members early in a case facilitates the broad remedial purpose of the FLSA and promotes efficient case management." *Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-2267, 2015 U.S. Dist. LEXIS 22870 (W.D. La., Feb. 25, 2015). In FLSA collective actions—unlike Rule 23 class actions—the statute of limitations for the FLSA claims of potential opt-in plaintiffs is *not tolled* by a plaintiff's initial filing of the complaint absent a Court order. 29 U.S.C. § 256(b). Thus, delay in disseminating notice to potential plaintiffs can prejudice their rights. *See Gortat v. Capala Bros., Inc.*, No. 07-cv-3629, 2010 WL 1423018, at *9 (E.D.N.Y. Apr. 9, 2010) ("Because the statute of limitations for FLSA claims continues to run for each individual plaintiff until he or she opts in . . . early certification and notice are favored in order to protect plaintiffs' rights."); *Smith v. Lowe's Companies, Inc.*, No. 2:04-cv-774, 2005 WL 6742234, at *3–4 (S.D. Ohio May 11, 2005) (Because "statute of limitations period continues to run against each potential collective member . . . it is *widely accepted* that, at the notice stage . . . the plaintiff's burden . . . is *extremely light*.") (emphasis added).

## IV.   CONCLUSION

Plaintiff has met the lenient burden imposed at the conditional certification stage. Because Defendants' policies that underlie Plaintiff's allegations of FLSA violations are the same for Plaintiff and all of the collective members, Plaintiff and the collective members are similarly situated as victims of a common decision, policy, or plan of the

Page 18 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification

employer that affected all collective members in a similar fashion. Accordingly, the Court should certify the collective as requested by Plaintiff. Plaintiff further respectfully requests that this Court: (1) order Defendants to produce the contact information of those collective members (including name, address, telephone number, and email address) in electronic form no later than one week after the date of the entry of the Order granting this Motion; (2) approve of the form and content of Exhibits 1–5; (3) approve of notice through U.S. Mail and email; (4) approve the sending of a follow-up notice via email or Postcard; and (5) grant counsel a period of ninety (90) days, to begin after Defendants produce the names and contact information for the putative collective members, to distribute the Notice and to file Consent to Join forms.

Respectfully submitted,

**PLAINTIFF MARK MOSLEY,**
**Individually and on Behalf of**
**All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 19 of 19
Mark Mosley, et al v. Hydrostatic Oil Tools, Inc., et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1040-SOH
Brief in Support of Plaintiff's Motion for Conditional Certification