IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARK MOSLEY, Individually
and on Behalf of All Others
Similarly Situated                                                                                    PLAINTIFF

v.                                            Case No. 1:20-cv-1040

HYDROSTATIC OIL TOOLS, INC.,
DEVIN DEW, RANDY PHARR and
BILLY PHARR                                                                                          DEFENDANTS

## **ORDER**

Before the Court is Plaintiff's Motion for Conditional Certification for Approval and Distribution of Notice and For Disclosure of Contact Information. ECF No. 20. Defendants have filed a response. ECF No. 22. Plaintiff has filed a reply. ECF No. 26. Defendants have filed a sur-reply. ECF No. 29. The matter is fully briefed and ripe for the Court's consideration.

Plaintiff is a former salaried employee of Defendants who worked as a shop hand from February 2010 to July 2020. On August 13, 2020, Plaintiff filed a collective action complaint asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA") by failing to pay overtime compensation for work performed. Plaintiff brings his FLSA and AMWA claims individually and on behalf of other salaried shop hands, floor hands, and operators employed by Defendants. ECF No. 3.

On April 22, 2019, prior to the instant lawsuit, Thomas Attaway, Joshua Taylor, and Jorge Rodriguez filed a similar complaint in this Court. *Attaway, et al. v. Hydrostatic Oil Tools, Inc., et al.*, No. 1:19-cv-01015 (W.D. Ark. 2019). The plaintiffs in *Attaway* filed the complaint individually and on behalf of all salaried employees of Defendants[1] in the three years prior to their

---

[1] The Defendants in *Attaway* and the present case are both Hydrostatic Oil Tools, Inc., Devin Dew, Randy Pharr, and Billy Pharr.

filing. The *Attaway* plaintiffs alleged that Defendants in the initial case failed to provide overtime pay to their salaried employees. This Court conditionally certified a collective of delivery driver employees who worked for Defendants from April 22, 2016, through judgment. A notice of settlement has not been filed with the Court.

In the present motion, Plaintiff moves the Court to approve conditional certification, distribution of notice, and disclosure of information. Defendants argue that the Court cannot approve this motion pursuant to the first-to-file rule. In order to conserve judicial resources and avoid conflicting rulings, the first-to-file rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). The first-to-file rule yields to the interests of justice and is not applied when a court finds "compelling circumstances" supporting its abrogation. *Id*. In determining whether to apply the first-to-file rule, courts may use their discretions. *See id*.

Defendants' primary argument rests on the fact that the present case is similarly situated to *Attaway*, which is currently pending before this Court. Defendants argue that because *Attaway* is still pending and is identical in nature to the present case, the collective in the present case should not be certified. ECF No. 22. Plaintiff disagrees and argues that the *Attaway* collective does not include all of the plaintiffs included in the instant proposed collective. Additionally, Plaintiff argues that the FLSA does not suggest that once a collective action is finalized, more collective actions covering the same time period cannot be brought. Plaintiff is correct in his assertion that the FLSA does not suggest that once a collective action is finalized, more collective actions cannot

be brought. However, the Court interprets this to mean that once a collective action is finalized, meaning no longer pending, then another collective action may be brought.[2]

The first-to-file rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d at 1006 (citing *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)). The first-to-file rule implicates the courts' discretion to recognize federal comity for two concurrent cases. *Orthmann*, 765 F.2d at 121. Traditionally, this principle refers to an action brought in a district court and then an identical action subsequently brought in a separate district. In the present case, the *Attaway* case was brought in the Western District of Arkansas and approximately one year later, the present case was also filed in the Western District of Arkansas.

As previously stated, the primary purpose of the first-to-file rule is to conserve judicial resources and avoid conflicting rulings; however, these reasons are far less persuasive when both matters are before the same judge. Despite that, the question that Defendants raise—whether it is appropriate to allow two substantially similar collective actions to simultaneously proceed under these circumstances—deserves consideration. Employees may sue individually or as part of a collective action under 29 U.S.C. § 216(b) on behalf of themselves and other similarly situated employees. In *Hoffman-La Roche v. Sperling*, the Supreme Court clarified that because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a collective action and to enter appropriate orders governing the conduct of counsel and the parties. *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 171 (1989) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981)). In allowing duplicative collective actions to proceed, the Court risks

---

[2] *See, e.g.*, *Lewis v. Tiger Eye Pizza, LLC*, No. 4:20-cv-4017, 2020 WL 6298075 (W.D. Ark. Oct. 27, 2020); *Brown v. Jacob Transp., LLC*, 2:16-cv-2436-JAD-NJK, 2017 WL 7725268, at *4 (D. Nev. Sept. 28, 2017); *Schucker v. Flowers Foods, Inc*., 16-cv-3439-KMK, 2017 WL 3668847, at *7 (S.D.N.Y. Aug. 24, 2017).

confusion of current collective members in *Attaway* and potential collective members in the present case regarding their legal options. The Court finds that certifying a second, competing collective action would risk undermining the primary goal of collective actions: avoiding multiplicity of similar suits and expediting the disposal of the actions through cut-off dates. Conditionally certifying another FLSA collective action while one nearly identical certified collective action is pending in this Court is not appropriate.

Accordingly, the Court finds that Plaintiff's Motion for Conditional Certification, for Approval and Distribution of Notice, and for Disclosure of Contact Information (ECF No. 20) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 23rd day of July, 2021.

/s/Susan O. Hickey
Susan O. Hickey
Chief United States District Judge