IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARK MOSLEY, Individually
and on Behalf of All Others
Similarly Situated                                                                                          PLAINTIFF

v.                                    Civil No. 1:20-cv-1040

HYDROSTATIC OIL TOOLS, INC.,
DEVIN DEW, RANDY PHARR and
BILY PHARR
                                                                                                            DEFENDANTS

**ORDER**

Before the Court is Defendants' Objection to Plaintiff's Pre-Trail Disclosure Sheet and Motion to Dismiss Opt-In-Plaintiff. (ECF No. 37). Plaintiff has filed a response. (ECF No. 39). The Court finds this matter ripe for review.

At the outset, the Court notes that this case is set for trial on October 4, 2021. (ECF No. 17). The Plaintiff has previously sought to certify this case as a collective action pursuant to 29 U.S.C. § 216(b). The Court denied Plaintiff's Motion for Certification. (ECF No. 31). After the Court denied certification, Plaintiff filed his Pretrial Disclosure Sheet and erroneously listed Christopher Manning as an opt-in Plaintiff. (ECF No. 32). Defendants now move this Court to dismiss Manning as an opt-in Plaintiff.

The Court has not certified this case as a collective action. Irrespective of Plaintiff's Pretrial Disclosure Sheet, Manning is not an opt-in Plaintiff subject to dismissal. Any claim Manning may have against Defendants is not presently before the Court. Accordingly, Defendant's Motion to Dismiss Opt-In Plaintiff is moot and should be denied.

In response to Defendants' Motion to Dismiss, Plaintiff requested that Manning be added as a named Plaintiff in this lawsuit. The Final Scheduling Order required that motions to amend or to join other parties be filed no later than 60 days before the close of discovery—which occurred on June 6, 2021—unless good cause is shown for the delay. (ECF No. 17). Plaintiff alleges that Manning should be joined as a party in order to conserve judicial resources and provide an efficient determination of the issues presented. Plaintiff furthers that Manning has a viable claim against Defendants that is substantially similar to Plaintiff's. Plaintiff asserts that Manning intends to file the same lawsuit against the named Defendants if he is not joined here.

Defendants have demonstrated that Plaintiff and Manning held different job titles, duties, work locations, and pay arrangements. Defendants allege that the differences between Plaintiff and Manning will require them to present alternative theories and defenses to Plaintiff's causes of action. Moreover, "[u]nless the court rules otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." F.R. Civ. P. 15(a)(3). If served today, the proposed Amended Complaint would require Defendants to file a response inexcusably close to trial. Moreover, proposed findings of fact and conclusions of law must also be exchanged by the parties and submitted to the Court no later than 14 days prior to trial, which occurs next Monday, September 20, 2021. (ECF No. 17).

The prejudice Defendants will suffer if Manning is added to this lawsuit outweighs the minimal cost that a new lawsuit will have on judicial economy. Indeed, the looming and altered deadlines that would result from joining Manning as a party would itself place additional burdens on not only the Defendants, but also this Court. Accordingly, the Court find that the Plaintiff has not established good cause to add Manning to the present lawsuit. Defendants' Motion to Dismiss

Opt-in Plaintiff (ECF No. 37) is **DENIED** as moot and Plaintiff's Opposition (ECF No. 39) requesting to add Manning as a named Plaintiff is **DENIED**.

    **IT IS SO ORDERED**, this 17th day of September, 2021.

                                              /s/ Susan O. Hickey  
                                              Susan O. Hickey  
                                              Chief United States District Judge