IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARK MOSLEY                                                                                                       PLAINTIFF

v.                                        Civil No. 1:20-cv-1040

HYDROSTATIC OIL TOOLS, INC.;
DEVIN DEW; RANDY PHARR; and
BILLY PHARR                                                                                                    DEFENDANTS

## ORDER

Before the Court is the parties' Joint Stipulation of Dismissal with Prejudice. (ECF No. 56). No response is necessary. The matter is ripe for consideration.

On August 13, 2020, Plaintiff Mark Mosley filed this action, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Arkansas Minimum Wage Act, Ark. Code Ann. §§ 11-4-201, *et seq*. Plaintiff sought conditional certification of a collective action, which the Court denied on July 23, 2021. On December 14, 2021, the parties notified the Court that the case had settled, and dismissal paperwork would be forthcoming. The parties have now filed the instant stipulation of dismissal, asking the Court to dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). They state that the Court need not conduct a reasonableness review of their FLSA settlement because this case is not a collective action, Plaintiff was represented by counsel throughout the case, and because they wish for their settlement agreement to remain confidential.

Some courts have held that settlement agreements resolving wage claims are subject to court approval to ensure that the parties are not negotiating around statutory minimum wages. *See, e.g.*, *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Cruthis v. Vision's*, No. 4:12-cv-0244, 2014 WL 4092325 (E.D. Ark. Aug. 19, 2014). Other courts,

including this Court, have held that approval of an FLSA settlement is unnecessary when the lawsuit is not a collective action, all plaintiffs have been represented by counsel throughout the entirety of the case, and the parties wish for their agreement to remain private.  *See, e.g.*, *Zeznanski v. First Step, Inc.*, No. 6:17-cv-6023-SOH (W.D. Ark. Oct. 5, 2017), ECF No. 25; *Schneider v. Habitat for Humanity Int'l, Inc.*, No. 5:14-cv-5230-TLB, 2015 WL 500835, at *3 (W.D. Ark. Feb. 5, 2015).

This case has not been certified as a collective action and, thus, is being settled on an individual basis.  Plaintiff has been represented by counsel throughout the course of this litigation. The parties agree that they want the settlement agreement to remain confidential.  Therefore, it appears to the Court that the settlement agreement in this case is of the type that does not require court approval.  *See Schneider*, 2015 WL 500835, at *3.  The parties have not submitted their settlement agreement, so the Court has not reviewed the settlement agreement in this matter and expresses no opinion as to the fairness or reasonableness of the settlement.

An action may be dismissed by "a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A)(ii).  The Court finds that good cause has been shown for dismissal of the case.  Accordingly, Plaintiff's claims against Defendants are hereby **DISMISSED WITH PREJUDICE**.  If any party desires that the terms of settlement be a part of the record therein, those terms should be reduced to writing and filed with the Court within thirty (30) days of the entry of this judgment.  The Court retains jurisdiction to vacate this order and to reopen this action upon cause shown that the settlement has not been completed and further litigation is necessary.

**IT IS SO ORDERED**, this 8th day of March, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge